## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JULIE LYNN HEAFNER** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CASE** |
| | ) | **NUMBER: _____** |
| **ANTHEM LIFE** | ) | |
| **INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Julie Lynn Heafner, and hereby files her Complaint against Anthem Life Insurance Company.

## PARTIES

1.     The Plaintiff, Julie Lynn Heafner ("Ms. Heafner"), is an insured under Group Long Term Disability Plan for employees of One Calls of America, identified as Group Insurance Policy AL00004056 ("the Plan"), who has been improperly denied disability benefits under the Plan.

2.     Defendant, Anthem Life Insurance Company ("Anthem"), is the Administrator of the Plan. Upon information and belief, Anthem is a foreign corporation incorporated in the State of Indiana, which conducts business generally in the state of Alabama and specifically within this District.

1

## JURISDICTION AND VENUE

3.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Ms. Heafner brings this action to recover benefits due to her pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce her rights under the Plan pursuant to 29 U.S.C. §1132(a)(3).  This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties.  29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## INTRODUCTION

4.      The Plaintiff in this case was subjected to improper claim handling procedures by Anthem as it exploited the shortcomings of ERISA as it relates to claims for "welfare" benefits to avoid paying Ms. Heafner's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Ms. Heafner, as an employee insured for disability, was supposed to be treated as a beneficiary by Anthem as a statutory fiduciary. Instead, Anthem has breached those duties and victimized Ms. Heafner by

Case 1:22-cv-00895-WO-JLW   Document 1   Filed 06/23/22   Page 2 of 20

engaging in improper claim handling procedures. As described in more detail below, Anthem has clearly engaged in bad faith claim handling and Ms. Heafner, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5.     Ms. Heafner is an insured for benefits under the Plan. Anthem is the administrator of the Plan. The Plan provides insureds, like Ms. Heafner, LTD benefits and was in full force and effect at all times relevant to this Complaint.

6.     At all relevant times, Ms. Heafner was employed by One Calls of America and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7.     Ms. Heafner, a woman forty-two (42) years of age, worked at One Calls of America until her disabilities forced her to stop working on or about October 10, 2012.

8.     Ms. Heafner was employed by One Calls of America as a Customer Service Representative, a sedentary occupation.

9.     Ms. Heafner's medical disabilities include lumbar degenerative disc disease, history of lumbar fusion, chronic low back pain, plantar fasciitis, chronic headache, and meningioma. The symptoms of her impairments and the side effects of the medications and treatment prescribed render Ms. Heafner unable to perform any job.

3

10.     Ms. Heafner was approved for and began receiving LTD benefits from Anthem on January 7, 2014 with an established date of disability of October 11, 2012. Benefits became payable as of April 19, 2013.

11.     Ms. Heafner received continuous LTD benefits until March 11, 2020, totaling nearly seven (7) years of continuous benefits.

12.     The Plan's twenty-four (24) month disability definition change date was April 19, 2015, and Ms. Heafner's claim was again reviewed and approved under the Any Occupation definition of disability.

13.     Ms. Heafner's LTD benefits were approved and paid for nearly seven (7) years because Anthem determined that she was unable to perform the duties of her own occupation and, after twenty-four (24) months, of any gainful occupation, as defined under the Plan.

14.     By letter dated March 11, 2020, Anthem wrongfully terminated Ms. Heafner's LTD benefits beyond March 11, 2020.

15.     The Plan at issue, as governed by ERISA and relied upon to deny Ms. Heafner's LTD benefits states, in part:

Disabled and Disability mean during the Elimination Period and the next 24 months because of Your Injury or Illness, all of the following are true:

- You are unable to do the Material and Substantial Duties of Your Own Occupation; and

4

- You are receiving Regular Care from a Physician for that injury or illness; and

- Your Disability Work Earnings, if any, are less than or equal to 80% of Your Indexed Monthly Earnings.

Thereafter, Disabled and Disability mean because of Your Injury or Illness all of the following are true:

- You are unable to do the duties of any Gainful Occupation for which You are or may become reasonably qualified by education, training, or experience; and

- You are receiving Regular Care from a Physician for that Injury or Illness; and

- Your Disability Work Earnings, if any, are less than or equal to 60% of Your Indexed Monthly Earnings.

16.     Using this test of disability, Anthem found Ms. Heafner disabled and approved her LTD benefits for nearly seven (7) years as Ms. Heafner's lumbar degenerative disc disease, history of lumbar fusion, chronic low back pain, plantar fasciitis, chronic headache, and meningioma prevented her from performing the duties of her own or of any gainful occupation.

17.     However, on March 11, 2020, Anthem reversed the course it had maintained for nearly seven (7) years, terminating Ms. Heafner's LTD benefits. The

5

termination of LTD benefits was based at least in part upon the paid review of Dr. Henry DeLeeuw ("Dr. DeLeeuw").

18.     At all relevant times, and prior to the termination of Ms. Heafner's benefits, she was under the consistent care of Dr. Amanda Wright ("Dr. Wright"), Dr. Richard Ramos ("Dr. Ramos"), Dr. Marcus Babaoff ("Dr. Babaoff"), Dr. Todd Cline ("Dr. Cline"), Dr. Rashid Janjua ("Dr. Janjua"), and Dr. Norman Regal ("Dr. Regal").

19.     In a phone call between Anthem and Dr. Wright on May 31, 2019, Dr. Wright voiced doubts as to Ms. Heafner's capacity to return to work and noted that even sedentary work would need to be extremely modified due to Ms. Heafner's inability to sit for prolonged periods.

20.     Dr. Babaoff noted on June 17, 2019 that Ms. Heafner was incapable of lifting greater than twenty pounds or of sitting for prolonged periods.

21.     Despite Dr. Babaoff's and Dr. Wright's opinions that Ms. Heafner was incapable of working, and assigned restrictions incompatible with sedentary work activity, Dr. DeLeeuw nevertheless concluded that the severity of restrictions assigned by Ms. Heafner's treating physicians was unwarranted.

22.     Dr. DeLeeuw, whom has never seen nor treated Ms. Heafner, rendered an opinion that Ms. Heafner was now no longer disabled by her lumbar degenerative disc disease, chronic low back pain, and chronic headaches, despite the fact that

6

Anthem had paid benefits related to these disabilities for nearly seven (7) years.

23.     Although Dr. DeLeeuw had never treated Ms. Heafner, spoken to Ms. Heafner, or event attempted to speak with her treating physicians, this paid reviewer nevertheless opined that after nearly seven (7) years, Ms. Heafner now had the functionality to perform sedentary work.

24.     Dr. DeLeeuw's opinion as reflected in the termination letter dated March 11, 2020 solely focused on Ms. Heafner's physical functionality and failed to consider Ms. Heafner's non-exertional limitations.

25.     Anthem relied on the paid reviewer's opinion over the opinion of Ms. Heafner's treating providers, and by letter dated March 11, 2020, wrongfully terminated Ms. Heafner's LTD benefits.

26.     At the time Anthem terminated Ms. Heafner's LTD benefits on March 11, 2020, it had no information, from Dr. DeLeeuw's paid review or otherwise, that altered in some significant way its previous decision maintained for nearly seven (7) years to pay LTD benefits to Ms. Heafner.

27.     At the time Anthem terminated the LTD benefits on March 11, 2020, it had no information, from Dr. DeLeeuw's paid review or otherwise, that showed Ms. Heafner's medical condition had improved, when in fact, Ms. Heafner's treating physicians opined that her condition remained severe and disabling.

28.     By and through counsel, in a letter dated October 1, 2020, Ms. Heafner

appealed the termination of her LTD benefits. Ms. Heafner included with her appeal letter additional medical records outlining the decline of her condition, as well as personal declarations.

29.     Ms. Heafner received frequent and consistent chiropractic treatment with Dr. Wright throughout 2019 and was regularly noted to retain painful and diminished range of motion with consistent pain and tenderness of the cervical and lumbar spine.

30.     Left foot x-rays taken on March 23, 2020 showed severe arthritic changes in the second MTP joint with degenerative changes consistent with avascular necrosis and evidence of third metatarsal stress fracture, calcification of the Achilles tendon, and evidence of old arthroplasty of the second MTP joint. Left foot orthotics were prescribed.

31.     Ms. Heafner received treatment for left foot plantar fasciitis, metatarsalgia, second MTP arthritis, and avascular necrosis from EmergeOrtho and Kernodle Clinic throughout spring 2020, and Kernodle Clinic also treated Ms. Heafner for headaches and vertigo.

32.     Duke Neurology determined on September 16, 2020 that Ms. Heafner's headaches were multifactorial in origin, consisting of intractable migraine with aura and components of pseudotumor cerebri.

33.     In support of her appeal, Ms. Heafner submitted a declaration, pursuant

8

to 28 U.S.C. § 1746, through which she outlined the effects of her disabling condition on her activities of daily living and her ability to return to work. Under penalty of perjury, Ms. Heafner noted that she experienced a great deal of difficulty accomplishing daily tasks and required extensive assistance and accommodation due to her severe chronic pain, stating "[m]any people just don't understand how it affects everyday life."

34.    Ms. Heafner's husband, Nathan Heafner, as well as several of Ms. Heafner's friends, also provided declaration in support of her appeal. These declarations recounted Ms. Heafner's medical decline, her need for assistance with activities of daily living due to debilitating pain.

35.    Despite providing proof of her disability both prior to the termination of benefits and throughout the appeals process, Anthem refused to award Ms. Heafner's LTD benefits and issued its final termination by letter dated December 30, 2020.

36.    In the final termination letter dated December 30, 2020, Anthem relied on the opinions of paid medical reviewers Dr. David Hoenig ("Dr. Hoenig"), Dr. Alexandre Todorov ("Dr. Todorov"), and Dr. Romain Onteniente ("Dr. Onteniente").

37.    Dr. Hoenig, whom has never seen nor treated Ms. Heafner, nevertheless opined that a diagnosis of lumbar chronic pain syndrome was not supported and,

despite extensive and continuous chiropractic notes from Dr. Wright, proclaimed that no notes addressing Ms. Heafner's back pain were present in the file beyond September 2019.

38.    Dr. Todorov, whom has never seen nor treated Ms. Heafner, declared that she did not have a diagnosis of benign paroxysmal positional vertigo, that her chronic headaches were the result of pseudotumor cerebri only and were thus not sustained by the medical records, and that Ms. Heafner's back problems were "minimal" and chiropractic records were "vague."

39.    Dr. Todorov's conclusions contradict the medical records, which show a diagnosis of benign paroxysmal positional vertigo resulting in a prescription for Meclizine, multifactorial origins for headaches with only a component of pseudotumor cerebri involvement, and a long, frequent, and consistent medical history of severe chronic back pain with specific notations in the chiropractic notes of objective observations of pain and diminished range of motion.

40.    Neither Dr. Hoenig nor Dr. Todorov were able to contact Dr. Wright by telephone for her medical opinion, and although Dr. Todorov was able to speak with Dr. Babaoff and Dr. Cline, both of these physicians deferred opinion to Dr. Wright.

41.    Dr. Onteniente, while unable to speak with Dr. Wright or Dr. Babaoff by telephone, did speak with Dr. Cline, who noted Ms. Heafner's lower extremity

pain to be "debilitating."

42.     Although Dr. Hoenig, Dr. Todorov, and Dr. Onteniente had never treated Ms. Heafner and were largely unable to speak with key medical providers, these paid reviewers opined that after nearly seven (7) years Ms. Heafner now had the functionality to perform sedentary work.

43.     In response to these paid reviews, Ms. Heafner submitted a response letter by and through counsel on December 15, 2020.

44.     Despite providing proof of disability, Anthem upheld its decision to terminate Ms. Heafner's benefits in a letter dated December 30, 2020. Anthem informed Ms. Heafner that she could "bring action in federal court."

45.     As of this date, Ms. Heafner has been denied benefits rightfully owed to her under the Plan.

46.     Ms. Heafner has met and continues to meet the Plan's definition of disabled.

47.     Ms. Heafner has exhausted any applicable administrative review procedures and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

48.     Anthem's refusal to pay benefits has caused tremendous financial hardship on Ms. Heafner.

## STANDARD OF REVIEW

49.     A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to

11

be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

50.     When discretionary authority is clearly granted and the insurer of an ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of review.

51.     Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Anthem or to any other entity who may have adjudicated Ms. Heafner's claim. Therefore, the Court should review Ms. Heafner's claim for benefits under a *de novo* standard.

52.     Upon information and belief, Anthem evaluated and paid all claims under the LTD Plan at issue, creating an inherent conflict of interest.

53.     Anthem has failed to comply with the letter of the claims procedures outlined in ERISA and therefore Ms. Heafner's claim for benefits should be reviewed by this Court under a *de novo* standard.

54.     In the alternative, if the Court finds that Anthem is entitled to the heightened arbitrary and capricious standard of review, the termination of Plaintiff's benefits constitutes a clear abuse of discretion as Anthem's decision to deny Ms. Heafner's LTD benefits was arbitrary and capricious.

12

## DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT

55.     Anthem has wrongfully denied LTD benefits for Ms. Heafner, in violation of the policy provisions and ERISA, for the following reasons:

(a) Ms. Heafner is totally disabled, in that she is prevented from performing the duties of any gainful occupation;

(b) Ms. Heafner is entitled to disability benefits under the terms of the Plan, as she meets the Plan's definition of disability and she has otherwise met the conditions precedent of the Plan for coverage and entitlement to benefits;

(c) Anthem failed to accord proper weight to the evidence in the administrative record showing that Ms. Heafner is totally disabled;

(d) Anthem's interpretation of the definition of disability contained in the Plan is contrary to plain language of the Plan, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA;

(e) Anthem wrongfully denied Ms. Heafner a full, fair and impartial review of her benefits claim pursuant to 29 C.F.R § 2560.503-1(h)(1), by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support

13

its goal of denying her benefits claim;

(f) Anthem failed to give proper weight to Ms. Heafner's own accounts regarding the debilitating effects of her pain;

(g) Anthem ignored the records and opinions of Ms. Heafner's treating physicians which show that Ms. Heafner is totally disabled, and instead based its decision to deny benefits on its internal review by Anthem staff members and its paid reviewers, who had never seen or treated Ms. Heafner, some of which never spoke with her treating physicians about the nature of her disability, and who were not as qualified as Ms. Heafner's treating physicians to formulate opinions regarding the nature and extent of her disability.

(h) Anthem failed to exert reasonable flexibility in its claims review process to assure Ms. Heafner a full, fair review, well-reasoned, and principled of her claim;

(i) Anthem administered Ms. Heafner's claim for LTD benefits while acting under an inherent and substantial conflict of interest in that Anthem served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Ms. Heafner's interests in wrongfully terminating her LTD benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of

14

interest, would;

(j) Anthem made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(k) Anthem acted in bad faith by denying Ms. Heafner's claim based upon the inability of Anthem's paid reviewers to find Ms. Heafner disabled, and otherwise failed to administer the Plan honestly, fairly and in good faith, and to at all times act in Ms. Heafner's best interests;

(l) Anthem terminated Ms. Heafner's benefits without the support of any new information that altered in some significant way the previous decision to pay LTD benefits to Ms. Heafner;

(m) Anthem terminated Ms. Heafner's benefits without the support of any new information that showed improvement in Ms. Heafner's medical condition, when in fact, her treating physicians opined that her condition continued to deteriorate as it had for the prior seven (7) years in which Ms. Heafner received benefits;

(n) Anthem rendered its decision without the benefit of any new or significant evidence indicative of medical improvement, contradicting legal precedence established in the 2018 decision of *Paquin v.*

15

*Prudential Ins. Co. of Am.* 2018 U.S. Dist. LEXIS 125231 (2018), which stated that "[a]n administrator is not precluded from denying a claimant benefits by virtue of the fact that it previously paid benefits if the administrator becomes aware of new information about the claimant's eligibility," however, "unless information available to an insurer alters in some significant way, the previous payment of benefits is a circumstance that must weigh against the propriety of an insurer's decision to discontinue those payments."

(o) Anthem failed to support the termination of benefits with substantial evidence;

(p) Anthem imposed a standard not required by the Plan's provisions, by requiring objective evidence of Ms. Heafner's subjective medical conditions where such evidence cannot be reasonably provided;

(q) Anthem denied Ms. Heafner's claim for a lack of objective medical evidence when Ms. Heafner has provided ample evidence, both objective and subjective, of a disability, and Anthem has not identified any objective evidence that Ms. Heafner could have supplied to support the claim;

(r) Anthem failed to consider Ms. Heafner's non-exertional limitations caused by her disability, such as the side effects of her prescribed

16

medication, her ability to regularly attend work, and the effect her disability has on her concentration, persistence, and pace when performing the duties of any occupation;

(s) Anthem's termination of Ms. Heafner's benefits failed to provide a detailed explanation and the basis of its disagreement with the opinions of Ms. Heafner's treating physicians;

(t) Anthem wrongfully denied Ms. Heafner's LTD benefits in such other ways to be shown through discovery and/or hearing.

56. As a result of the foregoing, the relief to which Ms. Heafner is entitled includes: (1) monthly LTD income benefits to Ms. Heafner, (2) payment of back benefits from March 12, 2020 to the date of judgment, (3) pre-judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Anthem's practices that are violative of the Plan and ERISA, and to enforce the terms of the Plan and ERISA, and (5) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## CAUSES OF ACTION

## COUNT ONE
## ERISA (Claim for Benefits Owed under Plan)

57. Plaintiff hereby incorporates by reference each and every fact as if it was restated herein.

17

58.     At all times relevant to this action, Ms. Heafner was a participant of the Plan underwritten by Anthem and issued to One Calls of America and was eligible to receive disability benefits under the Plan.

59.     As more fully described above, the termination and refusal to pay Ms. Heafner's benefits under the Plan for the period from at least on or about March 12, 2020 through the present constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Ms. Heafner constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1.     A judgment ordering the applicable standard of review in this case is *de novo*;

2.     A judgment ordering that by a preponderance of the evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying her LTD benefits owed to her through the Plan;

3.     In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate arbitrary and capricious review and enter a judgment that

Defendant's decision to wrongfully deny Plaintiff's LTD benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4. Declaratory and injunctive relief, finding that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by terminating Ms. Heafner's LTD benefits, that Ms. Heafner is entitled to a continuation of future LTD benefits from Defendant pursuant to the Plan;

5. Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff; enjoining Defendant from further violation of its fiduciary duties; and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6. A judgment ordering Defendant to pay Ms. Heafner's LTD benefits from March 12, 2020 through the date judgment is entered herein, together with pre-judgment interest on each and every such monthly payment through the date of judgment;

7. An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8. For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 23rd day of June, 2022.

/s/ Peter H. Burke_____
Peter H. Burke (ASB-1992-K74P)
pburke@burkeharvey.com
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-747-1901
Fax: 205-930-9054
*Attorney for Plaintiff*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Anthem Life Insurance Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104